**Form 240A - Reaffirmation Agreement (1/07)**

<div style="border:1px solid">

☐ **Presumption of Undue Hardship**

☒ **No Presumption of Undue Hardship**
(Check box as directed in Part D: Debtor's
Statement in Support of Reaffirmation
Agreement.)

</div>

<div align="center">

## United States Bankruptcy Court
### District of MINNESOTA (MINNEAPOLIS)

</div>

In re <u>David Earl Rootes</u>                              Case No. <u>08-42554-NCD</u>
      Debtor                                                    Chapter 7

<div align="center">

### REAFFIRMATION AGREEMENT

</div>

*[Indicate all documents included in this filing by checking each applicable box.]*

    ☒ Part A: Disclosures, Instructions, and     ☒ Part D: Debtor's Statement in
        Notice to Debtor (Pages 1 - 5).         Support of Reaffirmation Agreement.
    ☒ Part B: Reaffirmation Agreement.     ☐ Part E: Motion for Court Approval.
    ☒ Part C: Certification by Debtor's Attorney.

*[**Note:** Complete Part E only if debtor was not represented by an attorney during
the course of negotiating this agreement. **Note also:** If you complete Part E, you must
prepare and file Form 240B - Order on Reaffirmation Agreement.]*

**Name of Creditor:** <u>Wells Fargo Bank, N.A., Wells Fargo Auto Finance</u>

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the
Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

    1.    **DISCLOSURE STATEMENT**

    *Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
    This Summary is made pursuant to the requirements of the Bankruptcy Code.

<div align="center">

### AMOUNT REAFFIRMED

</div>

The amount of debt you have agreed to reaffirm:  <u>$11,922.50</u>

**Form 240A - Reaffirmation Agreement  (Cont.)**                                        P. 2
*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have*
*accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional*
*amounts which may come due after the date of this disclosure. Consult your credit agreement.*

"'**Certain provisions of this Agreement have been stricken by the creditor because they are not applicable to the transaction
contemplated under the Agreement.

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

~~a.   If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in §
103 of the Truth and Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown
in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii)
below, or both.~~

~~(i)   The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the
most recent periodic statement prior to entering into the reaffirmation agreement described in Part
B below or, if no such periodic statement was given to the debtor during the prior six months, the
annual percentage rate as it would have been so disclosed at the time of the disclosure statement:
____%.~~

~~—And/Or—~~

~~(ii)   The simple interest rate applicable to the amount reaffirmed as of the date this disclosure
statement is given to the debtor: _____%.   If different simple interest
rates apply to different balances included in the amount reaffirmed, the amount of each balance
and the rate applicable to it are:~~

~~$_____ @ _____ %;~~
~~$_____ @ _____ %;~~
~~$_____ @ _____ %.~~

b.   If the debt is an extension of credit other than under than an open end credit plan, the creditor
may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily
available or not applicable, the simple interest rate shown in (ii) below, or both.

(i)   The Annual Percentage Rate under § 128(a) (4) of the Truth in Lending Act, as
disclosed to the debtor in the most recent disclosure statement given to the debtor prior to
entering into the affirmation agreement with respect to the debt or, if no such disclosure
statement was given to the debtor, the annual percentage rate as it would have been so
disclosed: 14.65%.

—And/Or ---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this
disclosure statement is given to the debtor 8.00%.  ~~If different simple interest rates apply
to different balances included in the amount reaffirmed, the amount of each balance and
the rate applicable to it are:~~

**Form 240A - Reaffirmation Agreement  (Cont.)**                                   P. 3

$_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

c.   If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

~~The interest rate on your loan may be a variable interest rate, which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.~~

d.   If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 04  CHEVROLET  MONTE CARLO | $17,200.00 |
| VIN: 2G1WX12K449266913 | |

*Optional*—At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:

**Repayment Schedule:**

~~Your first payment in the amount of $_____ is due on _____ (date), but the future payment amount may be different.  Consult your reaffirmation agreement or credit agreement, as applicable.~~

—Or—

~~Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ (week, month, etc.), unless altered later by mutual agreement in writing.~~

—Or—

Your payment schedule will be: 35 payments in monthly installments of  $390.00 commencing on 07/13/2008 and continuing on the same day of each succeeding month.

**Form 240A - Reaffirmation Agreement (Cont.)**                                        P. 4

### 2.  INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.**  The law requires you to take certain steps to make sure the decision is in your best interest.  If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1.  Read the disclosures in this Part A carefully.  Consider the decision to reaffirm carefully.  Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2.  Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3.  If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4.  If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5.  The original of this disclosure must be filed with the court by you or your creditor.  If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6.  If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.  If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement; your reaffirmation agreement becomes effective upon filing with the court.

7.  If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it.  The court will notify you and the creditor of the hearing on your reaffirmation agreement.  Your must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement.  The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**Form 240A - Reaffirmation Agreement  (Cont.)**                                    P. 5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt?  A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law?  No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien?  Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

NOTE:  When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**Form 240A - Reaffirmation Agreement  (Cont.)**                                    P. 6

**PART B: REAFFIRMATION AGREEMENT.**

    I (we) agree to reaffirm the debts arising under the credit agreement described below.

    1.   Brief description of the original credit agreement:

Contract Type: Installment Contract; Contract Date: 04/29/2006; Account No.: ███████

Original Credit Term: 61
Original APR: 14.65%
Original Monthly Payment: $446.26
Original Amount Financed: $18,790.60

    2.   Description of any changes to the credit agreement made as part of this reaffirmation
agreement:

**This reaffirmation reduces: the balance from $12,991.35 to $11,922.50, the interest rate from
14.65% to 8.00%, and the monthly payment from $446.26 to $390.00 effective 05/23/2008.**

SIGNATURE(S):

Borrower:                                           Accepted by Creditor:

*David Rootes*

(Print Name)                                        Wells Fargo Bank, N.A.
                                                    Wells Fargo Auto Finance
*David Rootes* (signature)                          (Printed Name of Creditor)

(Signature)
                                                    13675 Technology Drive, Bldg. C, 2nd Floor
Date: 3/4/08                                        Eden Prairie, MN  55344-2252
                                                    (Address of Creditor)


                                                    *(signature)*

                                                    (Signature)
Co-Borrower, if also reaffirming these debts:       BRADLEY G WIRTH, Collections Specialist
                                                    (Printed Name and Title of Individual signing for
                                                    Creditor)

_____
(Print Name)
                                                    Date of Creditor Acceptance: 7/9/08
_____
(Signature)                                         _____

Date:_____

**Form 240A - Reaffirmation Agreement  (Cont.)**                                    P. 7

## PART C:  CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[Check each applicable box.]*

☐ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[If applicable and the creditor is not a Credit Union.]*  A presumption of undue hardship has been established with respect to this agreement.  In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _MARK L. Soule_

Signature of Debtor's Attorney: _Mark L. Soule_

Date: _7/3/08_

**Form 240A - Reaffirmation Agreement  (Cont.)**                                   P. 8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete numbered paragraphs 1 and 2, **OR**, if the creditor is a
Credit Union and the debtor is represented by an attorney, read the unnumbered
paragraph below. Sign the appropriate signature line(s) and date
your signature. If you complete paragraphs 1 and 2 **and** your income less
monthly expenses does not leave enough to make the payments under this
reaffirmation agreement, check the box at the top of page 1 indicating
"Presumption of Undue Hardship." Otherwise, check the box at the top of
page 1 indicating "No Presumption of Undue Hardship"]*

    1.  I believe this reaffirmation agreement will not impose an undue hardship on my dependents or
me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home
pay plus any other income received) is $_____, and my actual current monthly expenses including
monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____, leaving
$_____ to make the required payments on this reaffirmed debt.

    I understand that if my income less my monthly expenses does not leave enough to make the
payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed
by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how
I can afford to make the payments

here: _See Attached   — No Presumption of_
_Undue Hardship   — See Schedules I And J._
_____

_____
**(Use an additional page if needed for a full explanation.)**

    2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a
completed and signed reaffirmation agreement.

Signed: _____

    (Debtor)

_____
(Joint Debtor, if any)

Date: _5 July 08_

                                          — Or—

~~*[If the creditor is a Credit Union and the debtor is represented by an attorney]*~~

~~I believe this reaffirmation agreement is in my financial interest. I can afford to make~~
~~the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure~~
~~Statement in Part A and a completed and signed reaffirmation agreement.~~
Signed: _____
(Debtor)

_____
(Joint Debtor, if any)
Date: _____

## UNITED STATES BANKRUPTCY COURT
## STATE OF MINNESOTA

In Re:                                          BKY No.:   08-42554
Rcctes, David Earl
Rcctes, Misty Sinclair

To:  The above-named court and the reaffirmed creditor

### DEBTOR(S) SUPPLEMENT OF THE RECORD AND PART D OF REAFFIRMATION AGREEMENT

Attached hereto and made a part of this Supplement and the Reaffirmation Agreement are Schedules I and J which were prepared and were accurate as of the date of the filing of the Bankruptcy Petition.

The debt being reaffirmed is for the following purpose:

*Primary Automobile*

Claimant holds a valid lien/mortgage.

**I (we) have been fully represented by Mark L. Soule throughout this proceeding and he has explained in detail the ramifications of reaffirming debt after a Chapter 7 Bankruptcy and he has reviewed in detail the reaffirmation agreement herein. I (we) have represented to Mr. Soule that we can afford this debt. I (we) voluntarily elect to enter into this Reaffirmation agreement.**

_____                    _____
initial                                       initial

If schedules I and J show a presumption of undue hardship, then we supplement Part D by stating to the court that we feel we can afford this reaffirmed debt for the following reasons:

*None - See I & J*

Plus the monthly payment on the reaffirmed debt is already included in our budget on Schedule J

_____               _____
Debtor                                         Debtor

IN RE **Rootes, Misty Sinclair & Rootes, David Earl** _____   Case No. __**08-42554**__
                              Debtor(s)                                                                          (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Separated** | RELATIONSHIP(S):<br>**Daughter**<br>**Daughter** | | AGE(S):<br>**4**<br>**6** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **CVT  Age:34** | **Welder  Age: 32** |
| Name of Employer | **Medtronics** | **Quality Metalcraft** |
| How long employed | **3 years** | **8 years** |
| Address of Employer | **3850 Victoria Street North**<br>**Shoreview, MN  55126** | **6211 McKinley Street NW**<br>**Anoka, MN  55303** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | 3,085.00 | $ | 2,816.67 |
| 2. Estimated monthly overtime | $ | | $ | 433.33 |
| **3. SUBTOTAL** | $ | 3,085.00 | $ | 3,250.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and Social Security | $ | 560.84 | $ | 806.00 |
| b. Insurance | $ | 235.72 | $ | |
| c. Union dues | $ | | $ | |
| d. Other (specify) _____ | $ | | $ | |
| | $ | | $ | |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | 796.56 | $ | 806.00 |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ | 2,288.44 | $ | 2,444.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | | $ | |
| 8. Income from real property | $ | | $ | |
| 9. Interest and dividends | $ | | $ | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ | |
| 11. Social Security or other government assistance (Specify) _____ | $ | | $ | |
| | $ | | $ | |
| 12. Pension or retirement income | $ | | $ | |
| 13. Other monthly income (Specify) _____ | $ | | $ | |
| | $ | | $ | |
| | $ | | $ | |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | | $ | |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ | 2,288.44 | $ | 2,444.00 |

**16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)          $ __**4,732.44**__

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Rootes, Misty Sinclair & Rootes, David Earl**                    Case No. **08-42554**
_____
Debtor(s)                                                          (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,650.00 |
|    a. Are real estate taxes included?    Yes ____ No ✓ | |
|    b. Is property insurance included?   Yes ____ No ✓ | |
| 2. Utilities: | |
|    a. Electricity and heating fuel | $ 140.00 |
|    b. Water and sewer | $ |
|    c. Telephone | $ 115.00 |
|    d. Other   **Trash Removal** | $ 20.00 |
|           **Cable Tv** | $ 35.00 |
| 3. Home maintenance (repairs and upkeep) | $ |
| 4. Food | $ 600.00 |
| 5. Clothing | $ 150.00 |
| 6. Laundry and dry cleaning | $ |
| 7. Medical and dental expenses | $ 25.00 |
| 8. Transportation (not including car payments) | $ 600.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 100.00 |
| 10. Charitable contributions | $ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ |
|    b. Life | $ |
|    c. Health | $ |
|    d. Auto | $ 154.00 |
|    e. Other | $ |
| | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify) | $ |
| | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ 448.00 |
|    b. Other | $ |
| 14. Alimony, maintenance, and support paid to others | $ |
| 15. Payments for support of additional dependents not living at your home | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other   **See Schedule Attached** | $ 675.00 |
| | $ |
| | $ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.                    | $ 4,712.00 |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | |
|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ 4,732.44 |
|    b. Average monthly expenses from Line 18 above | $ 4,712.00 |
|    c. Monthly net income (a. minus b.) | $ 20.44 |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Rootes, Misty Sinclair & Rootes, David Earl                              Case No. **08-42554**
Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

Other Expenses (DEBTOR)

| | |
|---|---:|
| Day Care | 400.00 |
| Activities | 20.00 |
| Grooming | 15.00 |
| Car Rental | 240.00 |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

No.
Date **APRIL 29th 2006**

FRIENDLY CHEVROLET INC.
7501 HWY 65 NE
FRIDLEY MN 55432

referred to as the Seller above, its successors and assigns.

DAVID EARL ROOTES
DAVID BELL
16140 CENTRAL AVE NE
HAM LAKE MN 55304

referred to as each Buyer above, and guarantor, jointly and individually.

**SALE:** You agree to purchase from us, over time, the Motor Vehicle (Vehicle) and services described below. Your purchase is subject to the terms and conditions of this contract and security agreement (Contract). The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year | 2004 | VIN | 2G1MX12K449266913 | Other: |
|---|---|---|---|---|---|
| | Make | CHEVROLET | Lic. No. | | |
| | Model | MONTE CARLO | ☐ New  ☒ Used | | |

Description of Trade-In

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ __18790.60__ , plus finance charges accruing on the unpaid balance at the rate of __14.90__ % per year from today's date until paid in full. Finance charges accrue on a __365__ day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract. ☐ **LOAN ADMINISTRATION FEE:** You agree to pay an additional, nonrefundable loan administration fee of $25.00 that will be ☐ paid in cash. ☐ paid pro rata over the contract term. ☐ withheld from the proceeds (if this fee is withheld from the proceeds, the amount is included in the principal sum).

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ __500.00__ |
|---|---|---|---|---|
| __14.90__ % | $ __8129.00__ | $ __18790.60__ | $ __26928.60__ | $ __27428.60__ |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 448.81 | MONTHLY  BEGINNING: 06/13/2006 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.

☐ **Late Charge:** If a payment is more than __10__ days late, you will be charged __5% OF THE AMT OF THE PYMT OR 6-24 WHICHEVER IS GREATER__ . ☐ This amount may increase so as to always be the highest amount allowed by law under Minn. Stat. § 47.59.

**Prepayment:** ☐ If you pay off this Contract early, you will not have to pay a penalty.
☐ If you pay off this Contract early, you will not be entitled to a refund of part of the loan administration fee.
**Contract Provisions:** You can see the terms in this Contract for additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured __DAVID EARL ROOTES__
☒ Single ☐ Joint  Prem. $ __394.85__  Term __60__
Credit Disability: Insured
☐ Single ☐ Joint  Prem. $ __N/A__  Term __N/A__

Your signature below means you want (only) the insurance coverage quoted above. If none are quoted, you have declined any coverages we offered.

X _____  07/29/1975
Buyer _____  Buyer _____  03/24/1964

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ __N/A__ . If you get insurance from or through us you will pay $ ____ __N/A__ for __N/A__ _____ of coverage.

This premium is calculated as follows:
☐ $ __N/A__ Deductible, Collision Coverage $ __N/A__
☐ $ __N/A__ Deductible, Comprehensive Cov. $ __N/A__
☐ Fire-Theft and Combined Additional Coverage $ __N/A__
☐ __N/A__ _____ $ __N/A__

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

☐ **MOTOR VEHICLE SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Motor Vehicle Service Contract to cover _____
This Service Contract will be in effect for _____

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ __1118.00__ ) | $ | __18318.00__ |
| Service Contract, Paid to: __N/A__ | $ | __N/A__ |
| Cash Price | $ | __18318.00__ |
| Manufacturer's Rebate $ __N/A__ | | |
| Cash Down Payment $ __500.00__ | | |
| Deferred Down Payment $ __N/A__ | | |
| a. Total Cash/Rebate Down | $ | __500.00__ |
| b. Trade-In Allowance $ __N/A__ | | |
| c. Less: Amount owing $ __N/A__ | | |
| Paid to: __N/A__ | | |
| d. Net Trade-In (b. minus c.) | $ | __N/A__ |
| e. Net Cash/Trade-In (a. plus d.) | $ | __500.00__ |
| Down Payment (e.; disclose as $0 if negative) | $ | __500.00__ |
| Unpaid Balance of Cash Price | $ | __17818.00__ |
| Paid to Public Officials - Filing Fees | $ | __132.75__ |
| Insurance Premiums* | $ | __394.85__ |
| Amount to Finance line e. (if e. is negative) | $ | __N/A__ |
| To: __NATION SAFE DRIVER*__ | $ | __395.00__ |
| To: __FRIENDLY CHEVORLET INC.__ | $ | __50.00__ |
| To: __N/A__ | $ | __N/A__ |
| To: | $ | __N/A__ |
| Total Other Charges/Amounts Pd. to Others | $ | __972.60__ |
| Less: Prepaid Finance Charges | | |
| Amount Financed | $ | __18790.60__ |

*We may retain or receive a portion of this amount.

### NOTICE TO BUYER

(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge. (4) IMPORTANT: THIS MAY BE A BINDING CONTRACT AND YOU MAY LOSE ANY DEPOSITS IF YOU DO NOT PERFORM ACCORDING TO ITS TERMS.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer: X _____  04/29/2006
Signature  DAVID EARL ROOTES  Date

_____  04/29/2006
Signature  DAVID BELL  Date

Seller: By _____  Date

**ASSIGNMENT:** This Contract and Security Agreement is assigned to __WELLS FARGO BANK, N.A.__ the Assignee, phone __(800)559-3557__ . This assignment is made ☐ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse _____
Seller: By _____  Date __04/29/2006__

**MINNESOTA** RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
Expērts © 1982, 1995 Bankers Systems, Inc., St. Cloud, MN  Form RS-SI-MV-MN  4/12/2006

(page 1 of 2)
MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

MINNESOTA DEPARTMENT OF PUBLIC SAFETY
DRIVER & VEHICLE SERVICES DIVISION
445 MINNESOTA ST., ST. PAUL, MN 55101

CONFIRMATION OF LIEN PERFECTION
Website: mndriveinfo.org
Phone: 651-297-2126 TTY: 651-282-6555

ROOTES DAVID EARL
BELL DAVID ARTHUR
16140 CENTRAL AVE NE
HAM LAKE MN 55304

| 04 | CHEV | CPMSS | H1440U030 |
|------|------|-------|-----------|
| Year | Make | Model | Title Number |

| 2G1WX12K449266913 | 04/29/06 | NO |
|-------------------|----------|-----|
| VIN | Security Date | Rebuilt |

RETAIN THIS DOCUMENT – See reverse
side of this form for removing this lien.

First Class
U.S. Postage
**PAID**
Permit No. 171
St. Paul, MN

✱

THN874

1ST SECURED PARTY

LIEN HOLDER

WELLS FARGO BANK NA
PO BOX 53439
PHOENIX AZ 85072-3439